IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE (WILMINGTON)

JAMES D. EVANS
PETITIONER

V.

DWIGHT F. HOLDEN, CHAIR-MEN OF THE DELAWARE BOARD OF PAROLE; THE ATTORNEY GENERAL OF THE STATE OF DELAWARE.
RESPONDENTS

CIVIL ACTION #

05-761



RECEIVED
OCT 27 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

I, JAMES D. EVANS, Petitioner in the above action is presently incarcerated at the State Correctional Institute at Somerset (here & after S.C.I. Somerset), 1600 Walters Mill Road, Somerset, Pennsylvania 15510. I am serving a sentence of $3\frac{1}{2}$ to 10 yrs. for R.S.P. & Theft. My minimum date is 18 Feb 04, & my maximum date is 18 Aug 10. I am presently awaiting a decision by the Pa. Board of Probation & Parole to Grant or Deny me Parole.

On or about 16 Aug 02 the State of Delaware, Interstate Compact Office, 1601 N. Pine St., Wilmington, DE. 19802-5007, at the request of the Delaware Board of Parole, lodged a Violation of Parole Detainer against me here at S.C.I. Somerset.

I am filing this Petition for Writ of Habeas Corpus [28 U.S.C. 2241], to attack a future sentence i.e. (the aforementioned V.O.P. Detainer).

1

## PARTIES

PETITIONER: JAMES D. EVANS, #ET-4625, S.C.I. Somerset, 1600 Walters Mill Rd., Somerset, Pa 15510.

RESPONDENT(S): Dwight F. Holden, Chairmen of the Delaware Board of Parole, Carvel State Office building, 5th Flr., 820 N. French St., Wilmington, De 19801.

RESPONDENT(S): The Attorney General of the State of Delaware.

## JURISDICTION

Jurisdiction is conferred on this Court under 28 U.S.C 2241 (c)(3). Petitioner cannot petition Delaware Superior Court to lift this V.O.P. Detainer because Delaware Superior Court is given no statutory jurisdiction to review findings of the Delaware Parole Board. See Moore v. State, 53 Del. 416, 171 A.2d. 215 (1961)

## FACTS OF CASE

1. On or about March 1993 Ms. Mary Roy, casemanager at the Schuylkill Federal Prison Camp at Minersville, Pa. informed me that she was contacting Delaware Board of Parole to inform them of my Federal Conviction i.e. [Arrested on: 29MAR92; Indicted by Grand Jury on: 28APR92; Charges: Theft of Mail, Falsely Pretending to be an Employee of the U.S., + Use of a Counterfeit Access Device; Sentenced after a plea of guilty to: 18 Months imprisonment + 3yrs. Supervised Release; Sentence Date: 2Nov92; Sentencing Judge: United States District Judge Marvin Katz; Docket # CR 92-00234-01; Court of Jurisdiction: Pennsylvania, Eastern District.], + to ascertain whether they wished to place a Violation of Parole Detainer on me.

2. Ms. Roy informed me of the Delaware Board of Parole's re-

2

-fusal to extradite me & they would not place a Violation of Parole Detainer against me. Ms. Roy informed me of this within a couple of days of her first informing me she would be calling Delaware Authorities. [On 26 Sept 05 I filed an F.O.I.A. Request under 5 U.S.C. 552 with Mr. Henry J. Sadowski, Regional Counsel, Federal Bureau of Prisons, U.S. Customs House, 7th Flr., 2nd & Chestnut St., Phila., PA 19106; F.O.I.A. Request #: 2005-8950. I requested any information Ms. Mary Roy entered into my Bureau of Prisons Case Manager file concerning Delaware's refusal to extradite me or to lodge a Violation of Parole Detainer against me. I am presently awaiting the results of this search.]

3. On or about 8 Oct 93 I was released from Federal Custody via Good Conduct Time Release (CCCA). The releasing facility was F.C.I. Loretto here in Pennsylvania.

4. On or about 26 Oct 93 I recieved a Supervised Release Violation, I was eventually sentenced to 1 year & 1 day by U.S. District Judge Marvin Katz.

5. On 8 Sept 94 I was extradited via I.A.D. from F.C.I. Fairton where I was serving the sentence imposed in (4), to Montgomery County, PA to answer charges of R.S.P. & Theft. I pled Guilty to these charges in January of 1995 & was sentenced to 4 to 8 yrs.. While incarcerated at Montgomery County I was paralized by Prison Guards & denied medical treatment. I am presently a T12/L1 paraplegic & use a wheelchair for mobility. I use a catheter (Foley) to urinate & do a bowel program to defacate.

6. Upon being sentenced to 4 to 8 yrs. I was transfered to S.C.I. Greene in Waynesburg, PA.. I was paroled from this sentence on or about 8 Aug 98. An N.C.I.C. check was done before I was released. I did not have any warrents & as far as I knew I was no longer on Parole for Delaware.

7. On or about 23 Sept 98 I went to a Social Sercurity Office in Philadelphia,

Pennsylvania to apply for S.S.D.I. & S.S.I. benefits due to my disability. I was told by a caseworker that I could not recieve benefits because I was a fugitive of Justice i.e. (That I had a Violation of Parole Warrent in Delaware.). I was denied S.S.D.I. &/or S.S.I. benefits because of "The Work Opportunity Reconciliation Act of 1996", which states. [(4) "No person shall be considered an eligible individual ... with respect to any month if during such month the person is, (see 42 U.S.C.A. 1382(E)(4) ii. Violating a condition of probation or parole imposed under Federal or State Law)]

8. On the same day petitioner was arrested in Upper Darby, Pa. & charged with R.S.P. & Criminal Trespass. On or about 1 Nov 98, I was denied a bail reduct- because a bails Bondsmen I called did a background check on me & discovered the same Violation of Parole Detainer from Delaware. The bondsman informed the Delaware County Court & I was denied a bail Reduction until the Delaware warrent was taken care of. [Delaware Authorities did not issue this warrent or lodge it as a V.O.P. detainer.]

9. On or about 21 Jan 99 I pled guilty to the above charges & was sentenced to 3½ to 10yrs. I have been denied parole twice & am currently awaiting the Pa. Board of Parole Decision here in Pennsylvania. I would be paroled to a halfway house here in Pa. if I did not have this Delaware V.O.P. Detainer lodged against me. Also if I was Paroled, it would be to the Delaware V.O.P. Detainer. And upon completing any sentence the Delaware Parole Board would give me, I would be brought back to S.C.I. Somerset to await a halfway house date & I would be subject to Revocation of Parole here in Pa. if I recieve any write-up's for violating any Pennsylvania Department of Corrections Rules & Regulations. I am also subject to Pa. Parole Revocation while in Delaware Custody if I recieve any write-up's while incarcerated in Delaware.

10. On or about 1 Aug 02 I sent a letters to the Attorney General of Delaware & to the Delaware Board of Parole asking them if they were going to extradite me or lodge a V.O.P. Detainer. [At this time I was eligilble for Pre-Release to a halfway house & I wanted to clear this V.O.P. Detainer up so I could Recieve

4

S.S.D.I. &/or S.S.I. benefits upon my release & so that I could enter the PA. Pre-Release Program.]

11. On or about 16 Aug 02 the State of Delaware, Interstate Compact Office lodged the aforementioned Detainer for Violation of Parole:

  (A) Indict-Warrent #:13016-85-92, Violation of Parole: Original Charge: Theft & R.S.P.; Date of Violation: 8 MAR 93

12. On 26 Aug 02 I recieved a letter from Mr. Alan R. Kerrigan, Supervisor, Interstate Compact Office for the State of Delaware. This letter stated that I would be extradited back to Delaware at the completion of my Pennsylvania Sentence & that I had waived my right to extradition. Also there was a Violation Report attached to the letter. This report state the reason for Violation of Parole as being a new criminal charge i.e. [The Federal conviction of 1992 which Ms. Mary Roy informed them of in 1993 & which Delaware Authorities refused to lodge a V.O.P. Detainer.]. The date on the Violation Report is 3 MAR 93. It was signed by Terry L. Smith, parole officer & approved by William K. Brandon.

## PREJUDICE

1A. An delay of 8 years, 7 months, & 16 days is presumtly prejudical to petitioner;

2B. Denial of Social Sercurity Benefits because of Delaware Authorities lack of Due Diligence & Refusal to extradite petitioner &/or lodge a V.O.P. Detainer;

3C. Denial of a bail reduction because of Delaware Authorities lack of Due Diligence & Refusal to extradite petitioner &/or lodge a V.O.P. Detainer;

4D. Denial of Pre-Release status by Pennsylvania Dept. of Corrections because Delaware Authorities finally lodged this V.O.P. Detainer 8 years, 7 months, & 16 days late;

5E. That I could possibly bounce back & forth between Delaware & Pennsylvania's Prison Systems until I max on both sentence's E.G. (Pennsylvania will parole me to the Delaware V.O.P. Detainer but will not transfer my PA. Parole to Delaware because I do not

5

have an address in Delaware. Upon completing any sentence the Delaware Board of Parole hands down I will be transfered back to Pennsylvania to await a halfway house date. But Delaware will not transfer my Delaware Parole to Pennsylvania because I do not have an address here in Pennsylvania. So upon being Paroled to a Pennsylvania halfway house I would first have to go back to Delaware. And around & around we go. Pennsylvania will not transfer a Parolee's Parole to another state without a verified address, & they do not allow you to use an address of a halfway house in another state.);

6F. A delay of 12 years, 6 months, 18 days & counting before being extradited is presumtly prejudicial to petitioner especially when Delaware Authorities lack of Due Diligence was the sole reason for delay;

7G. That I may not be able to prove to the satisfaction of this Court & to the Delaware Board of Parole that Ms. Roy did contact them & they told her that they did not wish to extradite me or file a V.O.P. Detainer against me. The reason for this is that after 12 yrs., 6 months, 18 days & counting, Ms. Roy may not remember this. And the Federal Bureau of Prisons may have lost or misplaced my casemanager file, which I have filed the aforementioned F.O.I.A. Request for;

8H. That I was labeled a fugitive of justice under Delaware Crimes & Criminal Procedure 11 Del. C. 4352 (E) i.e (Return of Violator of Parole or conditional Release; procedure & Action on Violation), when I was in fact not a fugitive; Delaware Authorities refused to lodge a V.O.P. Detainer against me in 1993;

9I. If Delaware had not refused to lodge a V.O.P. Detainer & extradite me after the completition of my Federal sentence, I would of served any violation time consecutively to my Federal Sentence & would not be subject to this present detainer;

10J. That the time between 3 Mar 93 when Delaware refused to lodge a V.O.P. Detainer against me & 16 Aug 02 when Delaware finally placed this Detainer for the Violation of Parole in 1992 i.e. (My Federal Conviction), will not be counted or tolled in accordance with 11 Del. C. 4352 (F) & (G). This will be considered dead time.

6

## GROUNDS FOR RELIEF

(A) Ground One: Denial of Due Process & Equal Protection

Supporting Facts: That Delaware Authorities Refused to lodge an V.O.P. Detainer against petitioner while petitioner was in Federal Custody thereby denying me due process & Equal Protection under 11 Del. c. 4352 (A), (B), (C), (d), (E), (f), & (g) & the U.S. Constitution. That any waiver of extradition I signed in 1991 while in Delaware Custody is rendered mute when Delaware Refused to extradite me or to file a V.O.P. Detainer. That I was given an Liberty Interest when Delaware Authorities told Ms. Mary Roy that ["NO"] we do not wish to extradite or lodge a detainer against me. As to the waiver I was [Forced] to sign in order to be paroled I was under duress when I unwillingly signed this document. Had I not signed I would not of been allowed to leave the Prison on Parole to Pennsylvania. That the present detainer is base on a Federal Conviction in 1992 for which Delaware Refused to prosecute. That once Delaware told Ms. Mary Roy ["NO"] we do not want Mr. Evans, that parole cease to exist & Delaware gave up any right to file this present detainer or any other detainer based on my 1990 conviction in Delaware Superior Court. That I was denied a revocation hearing after I finished my Federal Sentence because Delaware Authorities Refused to place a V.O.P. Detainer on me & Refused to extradite me.

(B) Ground Two: Equal Protection

Supporting Facts: That all out-of-state Parole Violaters are subject to the Rights conferred under 11 Del. c. 4352 & all other laws regarding Parole Violations. I was denied these Rights

7

& Protections by Delaware Authorities when they refused to extradite me or file a V.O.P. Detainer after being informed of my Federal Conviction by Ms. Mary Roy. Delaware Authorities had a duty to place a V.O.P. Detainer on me & to extradite me back to Delaware at the completion of my Federal Sentence to recieve a revocation hearing as they do with all other out-of-state Parole Violaters.

(C) Ground Three: Double Jeopardy

Supporting Facts: That any extension of petitioners maximum expiration date would be additional punishment for my original crime i.e. (This Parole is based on my Delaware Superior Court Conviction of 1990), because Delaware gave up there right to violate me when they refused to extradite me or lodge a V.O.P. Detainer with the Federal Bureau of Prisons in 1993. Also the dead time between my release from Federal Custody til 16 Aug 05 will not be credited towards this V.O.P. Detainer.

## CONCLUSION

That Delaware Authorities created a Liberty interest for petitioner when they informed Ms. Mary Roy, Casemanger at F.C.I. Schuylkill that ["NO"] they did not wish to file a V.O.P. Detainer or extradite me. Once these words were spoken & no action taken to violate me, that Parole ceased to exist. That the rules, regulations, & laws conferred on Delaware Board of Parole under 11 Del. C. 4352 & the U.S. Constitution were circumvented & violated by Delaware's refusal to take any action against petitioner under those same statues. That this violated my rights to Due Process, Equal Protection, & Double Jeopardy under the U.S. Constitution. That I was prejudiced because of the Denial of Due Process &

8

Equal Protection as mentioned in this Petition.

That Petitioner is a Pro Se litigant & is not well versed in the law & requests that this Honorable Court take this into consideration when considering this Petition.

## RELIEF

That this Court ORDER that the aforesaid Violation of Parole Detainer be lifted & that the Delaware Board of Parole be prevented from issueing any other Detainers against petitioner. That this Court ORDER Delaware Board of Parole to close my file & that petitioner is no longer subject to any further Parole from the State of Delaware.

WHEREFORE, petitioner prays that the Court Grant Petitioner Relief to which he may be entitled in this Proceeding.

I declare under penalty of perjury that the foregoing is true & correct,

Executed on 16 Oct 05 by /s/ James D. Evans

MR. JAMES D. EVANS
#EY-4625
S.C.I. Somerset
1600 Walters Mill Rd.
Somerset, PA. 15510

9

NAME Mr. James D. Evans
NUMBER # ET-4605
1600 Walters Mill Road
Somerset PA 15510
INMATE MAIL
PA DEPT. OF CORRECTIONS

Clerk
U.S. District Court for Delaware (Wilmington)
844 King Street
Lockbox 18
Wilmington, Delaware 19801-3570


U.S.M.S
X-RAY