IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAMES D. EVANS**, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civ. Act. No. 05-761-KAJ |
| ) | |
| **DWIGHT F. HOLDEN**, Chairman, ) | |
| Delaware Board of Parole, and ) | |
| **CARL C. DANBERG**, Attorney ) | |
| General of the State of Delaware, ) | |
| ) | |
| Respondents ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondents submit the following in response to the petition for a writ of habeas corpus:

1.  In August 1990, petitioner James Evans pled guilty in Superior Court to one count each of felony theft, felony receiving stolen property, and attempted misdemeanor theft. Evans was sentenced in October 1990 to a total of six years imprisonment, suspended after four years imprisonment for two years probation. Evans was paroled in July 1991.[1] In March 1993, parole officers filed with the Parole

---

[1] *See generally* Del. Code Ann. tit. 11, §4216(d) (sentencing under Truth in Sentencing Act of 1989 optional if defendant is convicted after January 1, 1990 of crime occurring prior to June 30, 1990). Evans had been arrested in May 1990.

Board a violation report, charging Evans with violating two conditions of his parole. The Board issued an arrest warrant a few days later.

 2.  As Evans recounts in his petition (DI 1), he was imprisoned in federal and Pennsylvania state institutions.  The parole violation warrant was never executed before Evans' release from any of the correctional facilities.  DI 1 at 2-3.  Evans, though, knew the violation warrant existed:  he had been denied disability benefits in September 1998 because of the existence of the warrant.  DI 1 at 3-4.  He had also been denied bail in a Pennsylvania criminal prosecution in November 1998 because of the outstanding violation warrant.  DI 1 at 4.  In August 2002, Evans states that Delaware authorities lodged with Pennsylvania correctional officials a detainer based on the 1993 violation of parole warrant.  DI 1 at 1, 4-5.  Evans knew this because he wrote to the Parole Board and the state Attorney General in August 2002, asking if Delaware authorities intended to extradite him on the violation of parole.  DI 1 at 4-5.  In response, Delaware parole officers lodged the violation warrant as a detainer and informed Evans, in a letter he received August 26, 2002, that he would be extradited when he completed his Pennsylvania sentence.  DI 1 at 5.

 3.  In November 2005, Evans wrote to parole officers, advising them of his extensive medical problems.  Parole officers recommended in December 2005 to the Board that the warrant be discharged and the detainer withdrawn.   The Board, in an order issued January 5, 2006, concurred, discharging the warrant and withdrawing the

detainer.  On information and belief, respondents state that Evans has been paroled from his Pennsylvania sentence and is now in a halfway house.

    4.  Evans, in his petition, charges that because Delaware authorities failed to obtain custody of him as he was being released from prison, Delaware has accordingly waived jurisdiction over him.  Evans asks that the Court order the Board to withdraw the detainer and warrant.

    5.  Evans has not presented his claim to the state courts.  Respondents, however, waive the exhaustion requirement as allowed by 28 U.S.C. §2254(b)(3).  In light of the Board's discharge of the violation warrant and withdrawal of the detainer, Evans' petition is moot and should accordingly be dismissed.  *See, e.g., Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (collecting cases).

    6.  But even if the case is not moot, Evans' application still fails.  Under 28 U.S.C. §2244(d)(1), a one year limitation period applies to the filing of a petition for a writ of habeas corpus.  The limitation period begins from the latest of four dates; in Evans' case, the applicable date is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §2244(d)(1)(D).  Evans, on the face of his own pleading, knew in August 2002 that the Delaware detainer was in place, and he even knew as early as September 1998 that the violation of parole warrant had been issued.  DI 1 at 3, 4-5.  Evans, thus having actual knowledge of the warrant and the detainer in August 2002, was required by

§2244(d)(1)(D) to file his federal habeas petition no later than August 26, 2003, one year from the date he received the letter from Delaware parole officers. *See Redd v. McGrath*, 343 F.3d 1077, 1081-85 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 330-33 (4th Cir. 2003); *Cook v. New York State Division of Parole*, 321 F.3d 274, 277-81 (2d Cir. 2003); *Durre v. Zenon*, 116 Fed. Appx. 179 (10th Cir. Oct. 12, 2004) (all holding that challenges to parole board decisions are subject to statute of limitations provision of §2244(d)(1)(D)). Evans' petition is dated October 16, 2005 (DI 1 at 9); that date is the presumptive date of mailing and, thus, of filing. *Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002). Evans' petition is, as a result, more than two years too late under §2244(d)(1)(D), and the petition must be dismissed.

    7. Of course, the limitations period can be equitably tolled.[2] *E.g., Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616 (3d Cir. 1998). But one prerequisite for the application of the doctrine is diligence in bringing the claim. *See Miller*, 145 F.3d at 618-19. Again, Evans knew as early as September 1998 that the violation warrant was outstanding, and he knew as late as August 2002 that not only was the warrant still outstanding (DI 1 at 4-5 (explaining he wrote to Delaware officials "so [he] could receive S.S.D.I. +/or S.S.I. benefits upon [his] release and so that [he] could enter the Pa. pre-release program")), but that Delaware authorities had lodged a detainer against him with his Pennsylvania custodians. Evans, however, did nothing until October 2005

---

[2]Evans inititated no state court proceedings, making statutory tolling under §2244(d)(2) irrelevant.

when he filed the instant petition. That lapse of time hardly evidences reasonable diligence in bringing the particular claim. Evans, on the face of his petition, entirely eliminates any notion that equitable tolling is applicable to his case.

    8. Based upon the Superior Court docket sheet, it appears that the transcripts of Evans' plea colloquy and sentencing have not been prepared. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 120 days from the issuance of any order by the Court.

    9. The petition for a writ of habeas corpus should accordingly be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: April 3, 2006