IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES D. EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 05-761-SLR |
| | ) |
| DWIGHT F. HOLDEN, | ) |
| Chairman, Delaware | ) |
| Board of Parole, | ) |
| and JOSEPH R. BIDEN, | ) |
| III, Attorney | ) |
| General for the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

James D. Evans.  Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

Dated: February 15, 2007
Wilmington, Delaware

---

[1]See Fed. R. Civ. P. 25(d)(1).  Attorney General Joseph R. Biden, III assumed office on January 2, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

**ROBINSON**, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner James D. Evans' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (D.I. 1)  Petitioner was in a half-way house located in Pennsylvania when he filed the application.  For the reasons that follow, the court will dismiss petitioner's § 2241 application as time-barred.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In August 1990, petitioner entered a guilty plea in the Delaware Superior Court to felony theft, felony receiving stolen property, and attempted misdemeanor theft.  The Superior Court sentenced petitioner in October 1990 to a total of six years imprisonment, suspended after four years imprisonment for two years probation.  Petitioner was paroled in July 1991.

In March 1993, parole officers filed a violation report with the Delaware Parole Board, charging petitioner with violating two conditions of his parole.  The Board issued a parole warrant.  At the time of the warrant's issuance, petitioner had one year, two months, and nineteen days remaining on the parole/conditional release portion of his Delaware sentence, followed by two years probation. (D.I. 20)  Petitioner was imprisoned in federal prison when the parole warrant was issued and, thereafter, he was imprisoned in a Pennsylvania state prison. (D.I. 1)

1

According to petitioner, he wrote to the Delaware Parole Board and the Delaware Attorney General in August 2002 while he was incarcerated in a Pennsylvania state prison, asking if Delaware authorities intended to extradite him on the violation of parole from 1993. In response, Delaware parole officers lodged the violation warrant from 1993 as a detainer and informed petitioner by letter in August 2002 that he would be extradited when he completed his Pennsylvania sentence. (D.I. 1, at 4-5)

In November 2005, petitioner wrote to parole officers, advising them of his extensive medical problems. In December 2005, parole officers recommended to the Board that the warrant be discharged and the detainer withdrawn. In a "Progress Report/ Disposition" dated January 5, 2006, the Board withdrew the warrant and the detainer.

According to the State, petitioner was paroled from his Pennsylvania sentence and was residing in a Pennsylvania halfway house when he filed the instant application. (D.I. 18)

### III. DISCUSSION

Petitioner asserts the following three claims for relief: (1) the Delaware authorities violated his rights to due process and equal protection by refusing to lodge the violation of parole detainer while he was in federal custody; (2) the Delaware authorities violated Delaware law when they refused to extradite petitioner or file a violation of parole detainer; and (3) any

2

extension of petitioner's maximum expiration date would constitute additional punishment for his original crime in violation of his right to be protected from double jeopardy. Petitioner asks the court to lift the detainer and prevent the Delaware Probation and Parole Board from issuing future detainers.

The State contends that petitioner's claims are moot and time-barred.

**A. Mootness**

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). Consequently, as a threshold matter, if petitioner's claims are moot, the court must dismiss the application for lack of jurisdiction. See North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001).

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to

satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001). In such situations, "once [the] litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," Kissinger, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7.

Here, the State contends that the Board of Parole's Disposition renders petitioner's claims moot because the Disposition withdraws the detainer and the warrant. However, the State fails to address the portion of the Disposition which states that the Board will "attempt to resolve probation parole violations in an administrative manner once the offender . . . has been released on parole by Pennsylvania." (D.I. 20, Dep't of Corr. Bur. of Comm. Corr. Probation/Parole, Progress Report/Disposition, at 3). Considering that petitioner still had one year, two months, and nineteen days remaining on the parole/conditional release portion of his Delaware sentence (as well as two years of probation remaining on the sentence) when

4

the parole warrant was issued in 1993, it is not clear that petitioner has been "unconditionally released," or that petitioner will not suffer any continuing collateral consequences.[2] Therefore, because the court cannot conclusively determine if petitioner's claims are moot, the court will proceed to the State's argument that petitioner's application is time-barred.

**B.  One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners.  28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or

---

[2]Although 11 Del. Code Ann. § 4347(i) authorizes the Board of Parole to make a final order of discharge and issue a "certificate of discharge" of parole, the Board's "Disposition" in petitioner's case does not appear to constitute a final discharge of his parole.

5

  claims presented could have been discovered through the
  exercise of due diligence.

28 U.S.C. § 2244(d)(1).

  Petitioner's § 2254 application, dated October 16, 2005, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Petitioner states that he received a letter on August 26, 2002 from the Delaware parole officers informing him that a violation of parole detainer had been lodged against him. (D.I. 1, at 3, 4-5) Thus, pursuant to § 2244(d)(D), AEDPA's one-year limitations period began to run on August 27, 2002, and to comply with the one-year limitations period, petitioner had to file his § 2254 application by August 27, 2003. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

  Petitioner filed his habeas application on October 16, 2005,[3] more than two years after the expiration of the limitations period. Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be

---

[3] Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated October 16, 2005 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### 1. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000).

The record reveals that petitioner did not file an application for state post-conviction or other collateral review between August 2002 through August 2003. Therefore, the limitations period cannot be statutorily tolled.

### 2. Equitable Tolling

Federal courts may also sparingly toll AEDPA's limitations period in those "rare situation[s] where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d

7

Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). Equitable tolling is only appropriate when the petitioner "exercised reasonable diligence in investigating and bringing [the] claims" and he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Based on the record, the court concludes that equitable tolling is not warranted because petitioner did not exercise sufficient diligence in bringing his claims. Petitioner knew in August 2002 that his violation warrant was outstanding and that Delaware had lodged a detainer against him, yet he waited until October 2005 before filing the instant habeas application. Petitioner does not contend, and the court does not perceive, that any extraordinary circumstance prevented him from timely filing the instant habeas application. Moreover, to the extent petitioner's untimely filing was due to a mistake or

8

miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could

9

not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.